MAURICE FITZGIBBONS *et al.*, Appellants, *against* MARTIN FREISEM, Respondent.

(Decided May 22d, 1884.)

In an action by lessees for breach of a covenant in the lease of quiet enjoyment of the demised premises, they having been evicted by title paramount, evidence is not admissible on behalf of defendant that plaintiffs, to protect their interest, took a new lease at an increased rent and for a .longer term, and subsequently sold such new lease at a profit.

APPEAL from a judgment of the General Term of the Marine Court of the City of New York (now City Court of New York) affirming a judgment of that court entered upon the verdict of a jury and an order denying a motion for a new trial.

The facts are stated in the opinion.

*Dewitt C. Brown*, for appellants.

*G. W. Wager*, for respondent.

LARREMORE, J.—This action was brought to recover damages for the breach of a covenant of quiet enjoyment of part of the premises Nos. 65 and 67 Crosby Street, on the ground of a constructive eviction of the lessees under paramount title. The lessees to protect their interests took a new lease of the whole premises at an increased rent and longer term, which they subsequently sold at a profit of $10,000. Testimony was admitted of this fact, and the court left it to the consideration of the jury under appellants' exception. This I think was error for which the appellants are entitled to relief. The measure of their damages—if they were evicted—is the difference between the rent reserved and the fair rental value of the premises (*Mack* v. *Patchin*, 42 N. Y. 167).

The new lease was an independent transaction, by which the respondent incurred no liability, and from which he should not now be allowed to claim a benefit. The nature and extent of the new obligation is not shown. The profit of $10,000 may have been the result of extra outlay and expenditure by the appellants. If the transaction had resulted in a loss it would not have been chargeable to the respondent.

It is impossible to say how much the jury were influenced by the fact that the lessees were ultimately indemnified for their loss. It is enough to know that their claim upon the breach of covenant was submitted for adjudication with a qualification that was clearly unauthorized. Having reached this conclusion, it is unnecessary to consider the other points discussed upon the argument.

The judgment appealed from should be reversed and a new trial ordered, with costs to abide the event of suit.

CHARLES P. DALY, Ch. J., and BEACH, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.